IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RICHARD LEE MULLINAX,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**CASE NO. 5:12-cv-341-RS-CJK**

**FRANK MCKEITHEN, et al.,**

    **Defendants.**
_____/

## ORDER

Before me are Defendant's Motion to Strike Plaintiff's Bill of Costs (Doc. 153) and Plaintiff's Memorandum in Opposition (Doc. 154).

Plaintiff Richard Mullinax obtained a zero-damages verdict on some of his civil rights claims against Defendants Sheriff Frank McKeithen and Officer Douglas Smith. Mullinax filed a bill of costs, and Defendants have moved to strike the bill of costs on the grounds that Mullinax was not a prevailing party because he did not obtain any damages. After review, I find that Mullinax was not the prevailing party, and Defendants' motion is granted.

### I.　　BACKGROUND

Plaintiff Richard Mullinax sued the police for violations of his civil rights when he was falsely placed under arrest for a few hours in 2011. Mullinax brought his then-remaining claims to trial on January 27-28, 2015. He claimed § 1983

violations by Defendant Officer Douglas Smith and by Defendant Bay County Sheriff Frank McKeithen in his individual and official capacities, as well a state law false arrest claim against McKeithen in his official capacity.

The jury rendered a verdict for McKeithen on the false arrest claim and the individual capacity § 1983 claim, but found that Smith and McKeithen (in his official capacity) had violated Mullinax's constitutional rights. (Docs. 143, 145, 147). However, the jury awarded Mullinax zero damages—not even nominal damages. (*Id.*). The clerk entered judgment in favor of Mullinax as against Smith and McKeithen in his individual capacity on the civil rights claim, and in favor of McKeithen on the remaining claims. (Doc. 149).

After trial, Mullinax filed a bill of costs. (Doc. 150). Defendants now move to strike the bill of costs on the grounds that Mullinax was not the prevailing party and therefore not entitled to costs.

## II.   ANALYSIS

Fed. R. Civ. P. 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Here, the jury found for Mullinax on the issue of liability, but awarded zero damages. The question arises whether he is "prevailing party" under Rule 54(d).

Usually, the litigant in whose favor judgment is rendered is the prevailing party under Rule 54(d); a party who has obtained some relief usually will be

regarded as the prevailing party even though he has not sustained all his claims. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (citations and quotations omitted). An award of nominal damages is sufficient to award costs under Rule 54(d). *See Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001). However, the parties do not cite, and this Court does not find, any binding authority on whether a party who obtains judgment but zero damages is considered a prevailing party under Rule 54(d).

    a.    ***"Prevailing Party" under Rule 54(d) Versus Fee-Shifting Statutes***

The premise of Mullinax's argument is that there is a distinction between what constitutes a "prevailing party" for the purposes of Rule 54(d) and the purposes of fee-shifting statutes such as 42 U.S.C. § 1988. However, this is a false distinction.

It is true that the party must "prevail" to a greater extent to receive fees under § 1988 than under Rule 54(d). *See Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 574, 121 L. Ed. 2d 494 (1992) (holding that some factors that do not affect the prevailing party inquiry may still affect the propriety of fees under § 1988); *Gray ex rel. Alexander v. Bostic*, 720 F.3d 887, 894 (11th Cir. 2013). This rule is grounded in the differing language of the statutes and the corresponding legislative histories, as the language of Rule 54(d) provides less discretion to courts to award fees than § 1988. *Compare* 42 U.S.C. § 1988 ("[T]he court*, in its*

*discretion, may allow* the prevailing party . . . a reasonable attorney's fee.") (emphasis added), *with* Fed R. Civ. P. 54(d)(1) ("costs—other than attorney's fees—*should be allowed* to the prevailing party.") (emphasis added). *See also Head*, 62 F.3d at 354 ("[A]lthough the district court has discretion to deny a prevailing party costs [under Rule 54(d)], such discretion is not unfettered.").

However, there appears to be no evidence that the term "prevailing party" has any different meaning in the two contexts. Rather, "prevailing party" is a "legal term of art." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S. Ct. 1835, 1839, 149 L. Ed. 2d 855 (2001). The term is defined in Black's Law Dictionary as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded," and has been interpreted to mean a party "who has been awarded some relief by the court." *Id*.

The Supreme Court has hinted that "prevailing party" means one thing across all contexts. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) at n. 7 ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'); *Farrar v. Hobby,* 506 U.S. 103, 119–20, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (O'Connor, J., concurring). Furthermore, other circuits have held that there is little or no distinction in the meaning of "prevailing party" between § 1988 and Rule 54(d). *See, e.g., Dattner v. Conagra Foods, Inc.*, 458

F.3d 98, 101 (2d Cir. 2006); *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 926 (3d Cir. 1985); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 132 (5th Cir. 1983); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835-36 (6th Cir. 2005) (implicit finding); *Miles v. California,* 320 F.3d 986, 989 (9th Cir.2003) (implicit finding); *Tunison v. Continental Airlines Corp., Inc.,* 162 F.3d 1187, 1189–90 (D.C.Cir.1998); *Manildra Milling Corp. v. Ogilvie Mills, Inc.,* 76 F.3d 1178, 1180 n. 1 (Fed.Cir.1996). Other district courts in this circuit have reached the same outcome. *See, e.g, Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Am. Ins. Co.*, 143 F.R.D. 292, 294 (N.D. Ga. 1991) ("The standards for determining whether a party is entitled to an award of costs under Rule 54(d) are the same for determining whether a party is 'prevailing' under 42 USC § 1988.").

It thus seems apparent that "prevailing party" has the same meaning under Rule 54(d) as it does in any other context, including fee-shifting statutes such as 42 U.S.C. § 1988.

### *b.     The Meaning of "Prevailing Party"*

To qualify as a prevailing party, a plaintiff must obtain at least some relief on the merits of his claim. *Farrar*, 506 U.S. at 111; *Buckhannon*, 532 U.S. at 603. The plaintiff must obtain an enforceable judgment again the defendant from whom fees are sought. *Id.* A party may be considered prevailing if it succeeds on any

significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789, 109 S. Ct. 1486, 1492, 103 L. Ed. 2d 866 (1989) (citations and quotations omitted). Further, there must be a court-ordered, material alteration of the legal relationship of the parties. *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir. 2003) (citations and quotations omitted). This requires an award by the court of either at least some relief on the merits of the claim, or judicial imprimatur on the change in the legal relationship between parties. *Id.*

### c. *Application*

Applying the principles set forth above, Mullinax was not a prevailing party in this litigation.

In this case, Mullinax has not sought any equitable relief or other order from the court that would cause Defendants to have to do anything. Instead, Mullinax sought only one thing in this cause: money damages. However, the jury returned a verdict finding that, despite the fact that his constitutional rights were violated, Mullinax deserved no money damages. Although presented with the option to do so, the jury chose not to award him even nominal damages of one dollar.

As a result of the jury's verdict, Defendants owe Mr. Mullinax absolutely nothing. Mullinax obtained *zero* relief on the merits of his claim. There was no

"enforceable judgment," *Farrar*, 506 U.S. at 111, and no "material alteration of the legal relationship of the parties." *Smalbein*, 353 F.3d at 904. There was not "some relief," *Buckhannon*, 532 U.S. 603—there was *no* relief.

The judgment that this Court handed to Mullinax, though surely a vindication of the civil rights violations that he suffered, was an otherwise hollow document. It did not compel Defendants to do anything at all. Their lives were not one bit different the day before trial than the day after.

It is therefore apparent that Mullinax has not met any of the criteria of a prevailing party, and he is not a prevailing party and not entitled to costs. Indeed, it seems apparent based on the standards defining "prevailing party" for the purposes of Rule 54(d) and other fee-shifting statutes that a party who obtains a zero-dollar judgment, and no other relief, is not a prevailing party and is not entitled to any costs or fees. *See Nance v. Maxwell Fed. Credit Union (MAX)*, 186 F.3d 1338, 1343 (11th Cir. 1999) ("To qualify as 'prevailing,' a plaintiff must obtain an enforceable judgment against the defendant . . . [but a] judgment with no damages at all is not an 'enforceable judgment'—there is simply nothing to enforce.") (citations and quotations omitted). *See also Harvey-Williams v. Peters*, 117 F.3d 1420 (6th Cir. 1997) (affirming denial of fees following zero-damages verdict); *Mounson v. Moore*, 117 F. App'x 461, 462 (7th Cir. 2004) (same).

Mullinax cites a handful of cases—none binding—where courts have awarded costs after a zero-dollar judgment. *See, e.g., Mary M. v. N. Lawrence Cmty. Sch. Corp.*, 951 F. Supp. 820, 828 (S.D. Ind.) *rev;d on other grounds*, 131 F.3d 1220 (7th Cir. 1997); *Drez v. E.R. Squibb & Sons, Inc.*, 674 F. Supp. 1432, 1438 (D. Kan. 1987); *Walter Int'l Prods., Inc. v. Salinas*, No. 07-20136-CIV-SEITZ, 2010 WL 2976919, at *2 (S.D. Fla. July 19, 2010). However, these cases cannot stand against the plain language of the standards, which require at least some alteration of the relationship between the parties. For example, the *Mary M.* court relied on the rule that the prevailing party is the party "in whose favor judgment is rendered . . . regardless of the amount of damages awarded." *Mary M.*, 951 F. Supp. at 828. However, the court's interpretation of that rule is no longer good law, as the U.S. Supreme Court later explicitly qualified the rule and held that it included only a party "who has been awarded some relief by the court." *Buckhannon*, 532 U.S. 603. Furthermore, the *Drez* and *Walter* courts both ignore the admonition that there must be *at least some* alteration of the relationship between parties. *See, e.g., Drez* at 674 F. Supp. 1438 ("The court perceives no legally significant difference between a $1.00 nominal damage award and the award of no damages in the present case."); *Walter*, 2010 WL 2976919 (finding the distinction between nominal damages and zero damages was "meaningless").

Although a nominal-damages verdict alters the relationship between the parties, a zero-damages verdict does not.

### III.   CONCLUSION

Mullinax is thus not a prevailing party and is not entitled to recover his costs under Fed. R. Civ. P. 54(d). The zero-damages verdict did not materially alter the relationship between Mullinax and Defendants, and Mullinax thus did not prevail in this action.

The relief requested in Defendant's Motion to Strike Plaintiff's Bill of Costs (Doc. 153) is **GRANTED.** The clerk is directed to **STRIKE** Plaintiff's Bill of Costs (Doc. 150) from the record.

**ORDERED** on March 11, 2015.

>   **/s/ Richard Smoak**
>   **RICHARD SMOAK**
>   **UNITED STATES DISTRICT JUDGE**